IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JOHNNY RAY OGLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. CV505-011 |
| ) | |
| CURTIS JOHNSON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnny Ray Ogle ("Ogle"), an inmate at Wheeler Correctional Facility in Alamo, Georgia, filed an action pursuant to 28 U.S.C.A. § 2254 contesting the validity of his conviction for armed robbery. Respondent filed an Answer-Response. Ogle filed a Reply. For the reasons which follow, Ogle's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

After a jury trial in the Pierce County Superior Court, Ogle was convicted of armed robbery and received a life sentence. Ogle file a direct appeal with the Georgia Court of Appeals based on four enumerations of error: 1) the trial judge erred in permitting the State to introduce a gun as evidence against him because the proper chain of custody was not established; 2) the trial judge erred in admitting into evidence Ogle's statements to police given in violation of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966); 3) the trial judge erred in considering his criminal record during sentencing without notice of the use of aggravating circumstances being provided to him; and 4) his trial counsel was ineffective. The Georgia Court of Appeals affirmed Ogle's conviction and

AO 72A
(Rev. 8/82)

sentence. Ogle then filed a petition for writ of habeas corpus in the Telfair County Superior Court; he raised five grounds for relief in his petition: 1) ineffective assistance of trial counsel; 2) ineffective assistance of appellate counsel; 3) the prosecutor deprived him of a fair trial; 4) the investigating officers' errors and misconduct deprived him of a fair trial; and 5) the trial judge committed errors which deprived him of a fair trial. After the Telfair County Superior Court conducted a two-part evidentiary hearing, it denied Ogle's requested relief. The Georgia Supreme Court denied Ogle's application for a certificate of probable cause to appeal.

In the instant petition, Ogle contends that he received ineffective assistance of counsel at trial and on appeal. Ogle also contends that the prosecution committed errors during the course of his trial. Ogle further contends that he was deprived of a full and fair hearing at the state habeas level.

## **STANDARD OF REVIEW**

28 U.S.C.A. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C.A. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed.2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Ineffective Assistance of Appellate Counsel**

Ogle asserts that his counsel on appeal, Teresa Bowen, provided ineffective assistance to him. Specifically, Ogle alleges that Bowen failed to raise the following issues on appeal: 1) the prosecutor commented on Ogle exercising his right to remain silent and

3

AO 72A
(Rev. 8/82)

refusal to make a post-arrest statement, and the prosecutor allowed two (2) witnesses to comment on this; 2) the State failed to disclose to the jury the existence of a negotiated plea agreement between the State and Kenny Logan, a co-defendant; 3) the prosecutor allowed a State's witness, Kenny Logan, to give false testimony; 4) defense counsel and Ogle were not present at the arraignment; 5) the prosecutor made improper comments during his closing statement; 6) an agent with the Georgia Bureau of Investigations used a falsely sworn affidavit to secure the search warrant; and 7) Ogle asked the trial court to preserve all issues he raised through pro se motions. Ogle also alleges that appellate counsel failed to subpoena the receipt for the pistol introduced into evidence, which could have been used during his motion for a new trial. (Pet's Br., pp. 2-11.)

Respondent asserts that Ogle's assertions of error in this regard have not been presented to the Georgia courts. Thus, Respondent asserts, Ogle's claims that his appellate counsel rendered ineffective assistance are procedurally defaulted under Georgia's successive petition rule.

Ordinarily, when a state prisoner presents a "mixed" petition[1] containing both

---

[1] The Supreme Court has determined that, in limited circumstances, a district court may grant a state habeas petitioner a stay and abeyance to allow the petitioner to present unexhausted claims to the state courts. The Supreme Court found that granting a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court." Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535, 161 L. Ed.2d 440 (2005). However, it would be an abuse of discretion to grant a stay to a petitioner, even upon a showing of good cause, if his "unexhausted claims are plainly meritless." Id. In situations when a court presented with a mixed petition determines that a stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if* dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. (emphasis supplied). It does not appear that dismissing Ogle's instant petition based in part on the fact that he would be procedurally barred from bringing his claims in state court would impair his ability to obtain federal relief. If the state courts determined that Ogle's claims are procedurally barred under O.C.G.A. § 9-14-51, this Court would likely defer to that determination. See Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991), which is discussed in Section II(B) of this Report.

4

exhausted and unexhausted claims, "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (quoting Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed.2d 379 (1982)). However, "[d]ismissing a mixed petition is of little utility . . . when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred." Id. "In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal court[']s adjudication of his petition. Id. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," it is appropriate to "treat those claims now barred by state law as [providing] no basis for federal habeas relief." Id. (internal citation and punctuation omitted).

In Georgia,

> all grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. This statute has been found to be good law. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (noting that O.C.G.A. § 9-14-51 can and should be enforced in federal habeas proceedings against claims never presented in the state courts).

5

Ogle raised ineffective assistance of appellate counsel claims in his state habeas proceeding. However, in that proceeding, Ogle asserted that his appellate counsel, Teresa Bowen, failed to prepare for the hearing on the motion for new trial because she failed to interview witnesses and examine evidence. He also asserted that Bowen failed to raise numerous allegedly meritorious issues after he made repeated written requests for her to do so. Ogle also alleged that Bowen allowed the prosecuting attorney to submit a brief to the Court of Appeals which contained false information. Finally, Ogle alleged that Bowen failed to inform or instruct him on the process to continue his appeal. (Resp't's Ex. 8, pp. 18-19.) Ogle raised ineffective assistance of appellate counsel claims in his state habeas proceedings, which the state habeas court determined were without merit. (Resp't's Ex. 2, pp. 210-13.) However, the claims he brought during his state habeas proceedings are not the same as those he sets forth in the instant petition. Ogle failed to raise in his state habeas petition the ineffective assistance of appellate counsel claims he raises in the instant petition. Ogle fails to provide a reason why these claims were not brought in his state petition; his claims are procedurally barred pursuant to O.C.G.A. § 9-14-51 and provide no basis for federal habeas relief. See Chambers, 150 F.3d at 1327.

## II.   Ineffective Assistance of Trial Counsel

Ogle avers that his trial counsel, Melissa Jill Starling, provided ineffective assistance. Ogle contends that Starling failed to conduct an independent pre-trial investigation into the circumstances and facts surrounding Ogle's case, and she failed to file any discovery and pre-trial motions. Ogle also contends that Starling failed to represent him at his arraignment because she testified that she was in another county on that date and time. Ogle asserts that Starling waived formal arraignment without his knowledge,

6

AO 72A
(Rev. 8/82)

consent, or presence. Ogle alleges that Starling failed to object to the State's withholding of exculpatory evidence and failed to object to the prosecutor's misleading statements about this evidence. Ogle also alleges that Starling failed to object to: the State's failure to advise the jury about the negotiated plea agreement it had with Ogle's co-defendant; his co-defendant's false testimony; the prosecutor's and State's witnesses' comments about Ogle exercising his rights after his arrest; improper arguments made during the State's closing arguments; the presence of the State's witness in the courtroom, in violation of the sequestration rule; and the use of a falsely sworn affidavit to secure a search warrant. (Pet's Br., pp. 12-21.)

Respondent avers that Ogle failed to raise all but one of these claims at trial or on direct appeal, and the state habeas court found these claims to be procedurally defaulted. Respondent contends that this Court should defer to the state habeas court's finding of default and decline to review the merits of these claims. Respondent also contends that Ogle's claim that his trial counsel failed to file appropriate pre-trial and discovery motions was found to be without merit, and that this Court should deny relief on this ground.

### A.     Ogle's Claim Brought on Direct Appeal

On appeal, Ogle brought the claim that his trial counsel rendered ineffective assistance by failing to file discovery motions. The Georgia Court of Appeals determined that the record showed that the district attorney had a complete open file policy and that Ogle's trial counsel testified that she had copies of everything in the prosecutor's file. The Court of Appeals also determined that Ogle failed to establish what more his counsel would have obtained if she had filed discovery motions. (Resp't's Ex. 4, pp. 6-7.) The Georgia Court of Appeals found that Ogle's contention in this regard was meritless or failed to show

AO 72A
(Rev. 8/82)

prejudice so as to undermine confidence in the outcome of the trial. (Resp't's' Ex. 4, p. 8.) In support of this finding, the Georgia Court of Appeals cited Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). Strickland is the clearly established Supreme Court precedent used to analyze claims of ineffective assistance of trial counsel. Ogle has not shown that the Georgia Court of Appeals adjudication on this claim is contrary to, or an unreasonable application of, the Strickland standard. See Williams, 529 U.S. at 391, 120 S. Ct. at 1512. Accordingly, Ogle is not entitled to federal habeas relief on this ground.

### B.    Ogle's Procedurally Defaulted Claims

Ogle set forth twenty (20) grounds of ineffective assistance of trial counsel in his state habeas petition. In relevant part, Ogle's contentions in his state habeas petition that his trial counsel provided ineffective assistance of counsel were that his trial counsel: 1) failed to conduct an independent pre-trial investigation into the circumstances and facts surrounding the charge (Ground 1)[2]; 2) failed to represent him at arraignment (Ground 4); 3) waived formal arraignment without his knowledge, consent, or presence (Ground 5); and 4) failed to object to the State's withholding of exculpatory evidence and to object to the prosecutor's misleading statements about this evidence (Ground 3). Ogle also alleges that Starling failed to object to: the State's failure to disclose to the jury evidence of the negotiated plea agreement it had with his co-defendant; his co-defendant's false testimony; the prosecutor's and State's witnesses' comments about Ogle exercising his rights after

---

[2] The parenthetical citations reflect the number the claims were asserted as in Ogle's state habeas petition. (Resp't's Ex. 8.) The undersigned has listed only those claims set forth in his state habeas petition which Ogle raises in the instant petition.

8

his arrest; improper arguments made during the State's closing arguments; the presence of the State's witness in the courtroom, in violation of the sequestration rule; and the use of a falsely sworn affidavit to secure a search warrant. (Grounds 6-7; 10-17.) The state habeas court stated that these claims were not raised in Ogle's motion for a new trial or on direct appeal, and, as a result, these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d)[3]. The state habeas court also stated that Ogle failed to show cause in the form of ineffective assistance of appellate counsel and actual prejudice to overcome this procedural default. (Resp't's Ex. 2, p. 205.)

It is well-established by the United States Supreme Court that the failure of a petitioner to comply with state procedural grounds during direct appeal constitutes an independent and adequate state law ground for the state court's adjudication of a petitioner's claim, thereby precluding habeas review by a federal court. Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554, 115 L. Ed.2d 640 (1991) (citing Wainwright v. Sikes, 433 U.S. 72, 81, 87, 97 S. Ct. 2497, 2503-04, 2506-07, 53 L. Ed.2d 594 (1977)) (other citations omitted). As stated by the Supreme Court, the independent and adequate state law ground "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." Id. The Court in Coleman held that only two exceptions can apply to prevent the independent and adequate state law ground doctrine from barring

---

[3] O.C.G.A. § 9-14-48(d) provides, in pertinent part: "The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted."

9

federal habeas review: (1) demonstration by the petitioner of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) demonstration by the petitioner "that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750, 111 S. Ct. at 2565.

The state habeas court determined that the above enumerated claims of ineffective assistance of trial counsel were procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d). This is an independent and adequate state law ground for the state habeas court to decline to review the merits of Ogle's claims. Ogle has not shown cause and prejudice to overcome this procedural default or that this Court's failure to consider these claims would result in a fundamental miscarriage of justice. The Court defers to the state habeas court's determination that these claims are procedurally defaulted. Ogle is not entitled to relief on this ground.

### III.  Prosecutorial Errors/Misconduct

Ogle contends that the prosecutor commented on the fact that Ogle wished to exercise his rights after he was arrested. Ogle asserts that the prosecutor failed to notify the jury that the State and Ogle's co-defendant had negotiated a plea agreement and permitted Ogle's co-defendant to testify falsely about the negotiated plea agreement. Ogle also asserts that the prosecutor interjected his opinion about Ogle during his closing arguments. Finally, Ogle asserts that the prosecutor allowed a false affidavit to support a search warrant, which likely affected the jury's decision. (Pet's Br., pp. 22-27.)

Respondent alleges that Ogle failed to raise his claims regarding the negotiated plea agreement at trial or on direct appeal. Respondent asserts that the state habeas corpus court correctly found these claims to be procedurally defaulted, and this Court should defe

to that finding. Respondent contends that Ogle's claim that the prosecutor introduced a falsely sworn affidavit to secure a search warrant was not raised in the state courts and is procedurally defaulted under the successive petition rule.

### A. Ogle's Procedurally Defaulted Claims

In his state habeas petition, Ogle averred that he was denied a fair trial because the prosecutor: 1) commented on Ogle's refusal to make a statement to authorities after he was arrested (i.e., he invoked his rights) (Ground 7); 2) failed to inform the jury of its negotiated plea agreement with Ogle's co-defendant (Ground 1); 3) made statements to the jury denying the existence of any plea agreement and allowed his co-defendant to testify to the same (Ground 2); and 4) "injected" his personal opinion as to Ogle's truthfulness during his closing statement (Ground 6). (Resp't's Ex. 8, pp. 19-22.)

The state habeas court found that these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d), as Ogle did not raise these issues at trial and/or on direct appeal. The state habeas court also found that Ogle failed to establish cause and prejudice to overcome this procedural default. (Resp't's Ex. 2, pp. 213-14.)

It is well-established by the United States Supreme Court that the failure of a petitioner to comply with state procedural grounds during direct appeal constitutes an independent and adequate state law ground for the state court's adjudication of a petitioner's claim, thereby precluding habeas review by a federal court. Coleman, 501 U.S. at 729-30, 111 S. Ct. at 2554. As stated by the Supreme Court, the independent and adequate state law ground "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." Id. The Court in Coleman held that only two exceptions can

11

apply to prevent the independent and adequate state law ground doctrine from barring federal habeas review: (1) demonstration by the petitioner of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) demonstration by the petitioner "that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750, 111 S. Ct. at 2565.

The state habeas court determined that the above enumerated claims of prosecutorial misconduct are procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d). This is an independent and adequate state law ground for the state habeas court to decline to review the merits of Ogle's claims. Ogle has not shown cause and prejudice to overcome this procedural default, nor has he shown that this Court's failure to address this claims would result in a fundamental miscarriage of justice. Accordingly, the Court defers to the state court's adjudication on these claims, and Ogle is not entitled to federal habeas relief on these grounds.

### B.   The Successive Petition Rule

Ogle did not raise the claim in his state proceedings that the prosecutor allowed a false affidavit to secure a search warrant. Ordinarily, when a state prisoner presents a "mixed" petition[4] containing both exhausted and unexhausted claims, "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley, 377 F.3d at 1351. However, "[d]ismissing a mixed petition is of little utility . . . when the claims raised for the first time

---

[4] See footnote 1.

12

at the federal level can no longer be litigated on the merits in state court because they are procedurally barred." Id. "In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal court[']s adjudication of his petition. Id. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," it is appropriate to "treat those claims now barred by state law as [providing] no basis for federal habeas relief." Id. In Georgia,

> all grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. This statute has been found to be good law. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (noting that O.C.G.A. § 9-14-51 can and should be enforced in federal habeas proceedings against claims never presented in the state courts).

As Ogle failed to raise the claim that the prosecutor allowed a false affidavit to secure a search warrant in his state proceedings, and Ogle fails to provide a reason why these claims could not have been brought in his state proceedings, his claims are procedurally barred pursuant to O.C.G.A. § 9-14-51 and provide no basis for federal habeas relief. See Chambers, 150 F.3d at 1327.

IV. **Deprivation of a Full and Fair Hearing at the State Habeas Court Level**

Ogle alleges that the Telfair County Superior Court Judge who signed the order denying his request for state habeas relief was not the factfinder in his state habeas corpus

AO 72A
(Rev. 8/82)

proceeding. Ogle contends that the Assistant Attorney General was the actual factfinder, and the court's final order is based on her determination. (Pet's Br., p. 29.)

Respondent asserts that any alleged infirmities which occurred during Ogle's state habeas proceedings are not grounds for federal habeas corpus relief. Respondent also asserts that any alleged errors either were or should have been addressed in Ogle's application for certificate of probable cause to appeal filed with the Georgia Supreme Court.

As a matter of law, "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." Vail v. Procunier, 747 F.2d 277, 277 (5th Cir. 1984). Even if this Court were to accept Ogle's assertions as true, he does not present a claim under this enumeration of error which would warrant federal habeas corpus relief.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Ogle's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE