IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNNY RAY OGLE, )
)
    Petitioner, )
)
vs. ) CIVIL ACTION NO. CV505-011
)
CURTIS JOHNSON, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnny Ray Ogle ("Ogle"), an inmate at Wheeler Correctional Facility in Alamo, Georgia, filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction for armed robbery. Respondent filed an Answer-Response. Ogle filed a Reply. For the reasons which follow, Ogle's petition should be **DENIED**.

## STATEMENT OF THE CASE

After a jury trial in the Pierce County Superior Court, Ogle was convicted of armed robbery and received a life sentence. Ogle filed a direct appeal with the Georgia Court of Appeals, which affirmed Ogle's conviction and sentence. Ogle then filed a petition for writ of habeas corpus in the Telfair County Superior Court and raised, in pertinent part, allegations of ineffective assistance of appellate counsel. After the Telfair County Superior Court conducted a two-part evidentiary hearing, it denied Ogle's

requested relief. The Georgia Supreme Court denied Ogle's application for a certificate of probable cause to appeal.

In the instant petition, Ogle contends that he received ineffective assistance of counsel at trial and on appeal. Ogle also contends that the prosecution committed errors during the course of his trial. Ogle further contends that he was deprived of a full and fair hearing at the state habeas level.

The undersigned entered a Report, wherein he recommended that Ogle's petition be dismissed. By Order dated December 9, 2005, the Honorable William T. Moore, Jr., adopted the undersigned's Report as the opinion of the Court and entered an Order dismissing the petition. Ogle filed a Notice of Appeal with the Eleventh Circuit Court of Appeals.

On appeal, the Eleventh Circuit considered whether this Court erred in finding that Ogle procedurally defaulted eight (8) claims of ineffective assistance of appellate counsel by failing to raise these claims in his state habeas corpus proceedings. The Eleventh Circuit concluded Ogle exhausted the following claims: 1) the prosecutor failed to disclose a plea agreement with Ogle's co-defendant; 2) the State impermissibly commented on Ogle's right to remain silent; 3) the prosecutor improperly injected his personal opinion into his closing argument; 4) the prosecutor suborned perjury; 5) neither Ogle nor his counsel were present at the arraignment; 6) the search warrant was obtained based on false testimony; and 7) the offense weapon was inadmissible. (Doc. No. 31, pp. 5-6). The Eleventh Circuit also concluded Ogle did not exhaust his claim that the trial court erred by not allowing him to file a pro se memorandum and that this claim was procedurally defaulted. In accordance with the Eleventh Circuit's decision,

the undersigned directed Respondent to file any desired pleadings regarding the merits of Ogle's claims. Respondent did so, and Ogle filed a Response.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (O'Connor, J., concurring). A State court's

decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

### Ogle's Ineffective Assistance of Appellate Counsel Claims

Ogle asserts that his counsel on appeal, Teresa Bowen, provided ineffective assistance to him. Specifically, Ogle alleges that Bowen failed to raise the following issues on appeal: 1) the prosecutor commented on Ogle exercising his right to remain silent and refusal to make a post-arrest statement, and the prosecutor allowed two (2) witnesses to comment on this; 2) the State failed to disclose to the jury the existence of a negotiated plea agreement between the State and Kenny Logan, a co-defendant; 3) the prosecutor allowed a State's witness, Kenny Logan, to give false testimony; 4) defense counsel and Ogle were not present at the arraignment; 5) the prosecutor made improper comments during his closing statement; 6) an agent with the Georgia Bureau of Investigations used a falsely sworn affidavit to secure the search warrant; and 7) Ogle asked the trial court to preserve all issues he raised through pro se motions.[1] Ogle

---

[1] The Eleventh Circuit determined Ogle procedurally defaulted on this claim. Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules. A procedurally defaulted claim can support federal habeas relief in only two narrow situations." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008) (internal citation omitted). First, a petitioner may demonstrate "cause and prejudice." Id. "Cause exists if there was some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." Id. (internal citation and punctuation omitted). An example of an external impediment is an allegation of ineffective assistance of counsel at a stage where the petitioner had a right to counsel. Id. To establish prejudice, "a petitioner must show that there is at least a reasonable

also alleges that appellate counsel failed to subpoena the receipt for the pistol introduced into evidence, which could have been used during his motion for a new trial. (Pet's Br., pp. 2-11.)

Respondent now asserts these issues implicitly were decided adversely to Ogle at the state level and that this Court should defer to the state court's determinations on these issues.

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2065-66).

---

probability that the result of the proceeding would have been different" had the constitutional violation not occurred. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). The second situation in which the procedural default of a constitutional claim may be excused is when "enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. Mize, 532 F.3d at 1190 (citing Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995)). Ogle has failed to meet either exception to the procedural default rule.

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2056. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 764, 145 L. Ed. 2d 756 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

Ogle raised several allegations of ineffective assistance of his appellate counsel, Ms. Teresa Bowen, during his state habeas corpus proceedings.[2] The state habeas corpus court found Ogle's allegations to be without merit under a Strickland analysis. For instance, Ogle asserted Ms. Bowen was ineffective for failing to interview witnesses and examine evidence in preparation for the motion for a new trial hearing. (Resp't's

---

[2] The Eleventh Circuit determined the state habeas corpus court explicitly rejected three (3) of the claims Ogle set forth in this petition: that Ogle's appellate counsel was not permitted: 1) to argue that the prosecutor failed to disclose a plea deal with Ogle's co-defendant (Issue 2); 2) to assert the State impermissibly commented on Ogle's right to remain silent (Issue 1); and 3) to allege that the prosecutor improperly injected his personal opinion into the closing argument (Issue 5). Ogle, 488 F.3d at 1369. The state habeas corpus court worded its opinion differently than the way in which Ogle presented his claims in this Court; the undersigned considers the Eleventh Circuit's opinion as to the issues it states the habeas corpus court explicitly rejected as being in alignment with how Ogle enumerated the instances of ineffective assistance of appellate counsel in the petition before the Court.

Ex. 2, p. 7). The state habeas corpus court found Ms. Bowen interviewed potential witnesses during her preparation for the motion hearing but elected not to present these witnesses, "as nothing new had come to light[.]" (Id. at 12). Instead, Ms. Bowen elected to present testimony from Ogle's trial counsel, Ms. Melissa Starling, in support of Ogle's ineffective assistance of trial counsel claims. The state habeas corpus court noted that most of the information Ogle proffered during the state habeas corpus hearing was hearsay and that Ogle failed to present any sworn testimony of additional witnesses to show that a defense or information helpful to the defense existed which was not presented by Ms. Bowen. The state habeas corpus court also noted, in finding this ground without merit, that "speculation does not satisfy Strickland's prejudice prong." (Id.)

Ogle also asserted Ms. Bowen provided ineffective assistance during her post-trial representation by failing to present several "meritorious issues" he requested she raise. (Id. at 7). The state habeas corpus court determined Ms. Bowen's decision not to raise all of the issues requested by Ogle was not an unreasonable course to take, "as an appointed attorney does not have a duty to raise every nonfrivolous issue requested by a client." (Id. at 12). The court stated Ms. Bowen raised the claims on appeal she thought presented the strongest chance of prevailing, including the issues raised in the context of Ogle's ineffective assistance of trial counsel claims. Ms. Bowen's strategy was not to take a "shotgun approach of throwing in everything but the kitchen sink." (Id. at 9)(quoting Hrg. Tr. at 34, 67). The state habeas corpus court concluded Ogle failed to show Ms. Bowen's actions were unreasonable or that there were meritorious issues she failed to raise on appeal.

In addition, Ogle asserted Ms. Bowen was ineffective by allowing the prosecutor to submit a brief containing false information. The state habeas corpus court concluded this allegation was without merit. The state habeas corpus court noted Ogle did not question Ms. Bowen during the evidentiary hearing on this issue and that he could not overcome the strong presumption that Ms. Bowen's actions were reasonable. The state court found Ogle failed to establish he was prejudiced by Ms. Bowen's actions, as the appellate court had the complete record before it and could determine for itself whether the prosecutor correctly relayed the facts.

Finally, the state habeas corpus court found Ogle's assertion that Ms. Bowen failed to inform or instruct him on how to continue the appellate process to be without merit. The state habeas corpus court noted Ms. Bowen did not recall Ogle asking her how to file an appeal with the Georgia or United States Supreme Courts. However, the state habeas corpus judge concluded Ogle could not satisfy either prong of Strickland as to this allegation of ineffective assistance of appellate counsel. In so doing, the state habeas judge remarked that Ogle's claims were not out of the ordinary such that the Georgia Supreme Court would consider them and that the United States Supreme Court's decision to grant certiorari is discretionary. (Id. at 13).

The state habeas corpus court, after consideration of Ms. Bowen's testimony during the evidentiary hearing and the other evidence before it, commented that Ms. Bowen "thoroughly" reviewed the trial transcript in an effort to identify potential errors. (Id. at 7). Ms. Bowen considered issues Ogle raised to her and researched each issue. Ms. Bowen determined Ogle's trial counsel's strategy of not questioning his co-defendant about his plea agreement was reasonable, and that is why she did not raise

an ineffective assistance of trial counsel claim on appeal. The state habeas corpus court noted Ms. Bowen's review of the prosecutor's closing argument and saw no viable basis to assert the State impermissibly commented on Ogle's right to remain silent. Ogle's trial counsel did not object to the prosecutor's closing argument, and Ms. Bowen reasoned Ogle could not satisfy the prejudice prong of Strickland if she asserted this as an ineffective assistance of trial counsel claim on appeal.

The state habeas corpus court analyzed Ogle's claims of ineffective assistance of appellate counsel using the Strickland case, which is the clearly established Supreme Court precedent for ineffective assistance of counsel claims. The state habeas corpus court's findings on Ogle's ineffective assistance claims were not based on an unreasonable application of Strickland to the facts before it. In addition, the undersigned notes the record is completely devoid of evidence showing that, if Ms. Bowen was deficient as Ogle's post-trial counsel, he was prejudiced by this deficiency.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Ogle's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE